

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin 11, Texas

Dear Sir:                    Opinion No. 6105

Re: Authority of the State
Board of Education to
make supplemental appor-
tionment of Available School
Fund on hand, and which will
accrue to said fund as of
August 31, 1944.

Your recent communication to this department reads
as follows:

"After paying the $25.00 per capita appor-
tionment as fixed by the State Board of Education
in its regular meeting July 1943, there will re-
main a balance in the Available School Fund as of
August 31, 1944, of approximately $6,000,000. The
State Board of Education at its regular meeting
in July 1944 in considering the final distribution
of this $6,000,000 in the Available School Fund
adopted the following resolution:

"'Mr. Stevenson moved that, 'subject to a
ruling by the Attorney General that our action is
legal, we, the State Board of Education, hereby
supplement the per capita apportionment hereto-
fore fixed for the school year 1943-1944, to the
extent of $4.00 per capita, to be paid out of the
funds now in and which will accrue to the Available
School Fund as of August 31, 1944.' Mr. Custard
seconded the motion, which carried with the follow-
ing vote: (All "ayes" except Senator Oneal who was
present and not voting)'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This resolution will in effect make a complete distribution of the Available School Fund for the school year 1943-1944.

"The following question immediately arises under the above quoted resolution:

"Does the State Board of Education at this time have the power to make a supplemental apportionment of the Available School Fund on hand, and which will accrue to said fund as of August 31, 1944?

"For your assistance in answering the above question I submit the following:

"Section 3 of Article 7, State Constitution, provides in part as follows:

"'One-fourth of the revenue derived from the State Occupation taxes and poll tax of one dollar on every inhabitant of the State, between the ages of twenty-one and sixty years, shall be set apart annually for the benefit of the public free schools; and in addition thereto, there shall be levied and collected an annual ad valorem State tax of such an amount not to exceed thirty-five cents on the one hundred ($100.00) dollars valuation, as with the available school fund arising from all other sources, will be sufficient to maintain and support the public schools of this State for a period of not less than six months in each year. . .' (Underscoring supplied)

"Section 5 of Article 7, State Constitution, provides in part as follows:

"' . . . and the Available School Fund shall be applied annually to the support of the public

free schools. And no law shall ever be enacted
appropriating any part of the Permanent or Available
School Fund to any other purpose whatever; . . . '
(Underscoring supplied)

"Since the time for paying this supplemental
apportionment, if authorized, is immediate, we shall
thank you to answer the foregoing question at once."

It is the opinion of this department that the
quotations in your communication from Sections 3 and 5 of Article
7 of our State Constitution are the supreme law of our State in
reference to the question presented. Especially significant
is that provision in Section 5 which provided that "the Available
School Fund shall be applied annually to the support of the
public free schools." (Emphasis ours.)

The verb "apply" is variously defined in Webster's
New International Dictionary, Second Edition. The definitions
most applicable to same as used in Section 5 are as follows:
"To put to use; to use or employ for a particular purpose,
or in a particular case; to appropriate; allot; as to apply
money to the payment of a debt." (Emphasis ours.)

Article 2823, R. S. 1925, after defining what shall
constitute the Available School Fund, as set forth in the
provisions of our Constitution, carries out the Constitutional
mandate contained in Section 5, Article 7, supra, and provides
that the Available School Fund "shall be apportioned annually
to the several counties of this State, according to the scho-
lastic population of each, for the support and maintenance of
the public free schools." Said statute has never been amended
since its adoption in 1905.

The following quotations from a rather recent
decision are also enlightening:

"Our State Constitution provides that sufficient
revenues shall be raised to maintain and support the
public schools of the state for a period of not less

than six months in each year (Article 7, § 3), and that no part of the available school fund shall be diverted to any other purpose, but all of it shall be apportioned and distributed to the several counties of the state (by the State Board of Education, Art. 2665, R. S. 1925), according to their scholastic population (Const. Art. 7, §5; Article 2823, R. S. 1925).

"It is further provided in the Constitution that the Legislature shall provide for a State Board of Education, which shall perform such duties as may be prescribed by law (Article 7, §8).

"It is provided in Article 2665, R. S. 1925; 'The State Board shall, on or before the first day of August in each year, based on the estimate theretofore furnished said Board by the Comptroller, make an apportionment for the ensuing scholastic year of the available school fund among the several counties of the State, and the several cities and towns and school districts constituting separate school organizations, according to the scholastic population of each; and thereupon the secretary shall certify to the treasurer of each such separate school organization the toal amount of available school fund so apportioned to each, which certificate shall be signed by the president, countersigned by the Comptroller and attested by the secretary.'" (Emphasis ours.) See San Antonio Ind. School District et al, v. State Board of Education et al, (Civ. App.) 108 S. W. (2) 445, 447.

It should now be noted that Article 2665, R. S. 1925, contained no formula in making the annual apportionment of the Available School Fund, except that said apportionment must be based on the estimate theretofore furnished said Board (now the State Board of Education) by the Comptroller.

However, Article 7043, R. S. 1925, did contain a formula whereby the State Tax Board, or Automatic Tax Board as it is generally referred to, must proceed in calculating the ad valorem tax to be levied and collected each year for State and public free school purposes. In 1925, said Tax Board was directed to fix a rate, following said statutory formula, "that will yield and produce for such fiscal year four dollars per capita for all the children within the scholastic age, as shown by said scholastic census; provided, the rate so fixed for any year shall never exceed the rate fixed by law." This "rate fixed by law" referred, of course, to the Constitutional maximum of thirty-five cents as set forth in Section 3 of Article 7.

Said Article 7043 has been amended from time to time; and the maximum per capita to be produced by said rate to be fixed by said Tax Board has been increased by various amendments; The last amendment to Article 7043, supra, was by the 48th Legislature, Chap. 160, p. 260, H. B. 256. The following proviso is contained therein:

"Provided that no rate for school purposes shall be set by said Board (State Tax Board) in excess of a rate required to produce sufficient funds when added to other available school funds would produce a total available school fund for an apportionment in excess of Twenty-five Dollars ($25), it being the intention of the Legislature that the State Board of Education shall have the authority to fix the apportionment at not exceeding Twenty-five Dollars ($25), and when so fixed, the State Tax Board shall fix a rate for school purposes, the maximum rate authorized by the Constitution if necessary, to produce revenue when added to other available school revenue, shall be a sufficient amount to meet the apportionment, which shall not be in excess of Twenty-five Dollars ($25), and it is specifically provided that the rate shall never be greater than necessary to supplement other

available school funds to guarantee an appor-
tionment of not exceeding Twenty-five Dollars
($25) per year."

Also, Article 2665 has been amended by various
Legislatures since 1925. By Acts of 1939, the 46th Legis-
lature, p. 274, par. 1, amended said Article by providing
formulas to be used by the State Board of Education in
arriving at the amount to be apportioned. These formulas
have been carried forward in identical language in the
amendment of said Article 2665 by the 48th Legislature,
Chap. 161, p. 262, H. B. 257. Said amendement raises the
amount which the apportionment shall never exceed from
$22.50 to $25.00, and contains the following significant
provisions:

"In arriving at the amount to be appor-
tioned, the State Board of Education shall
determine the cost of operating schools for
a six-months period, . . . when such appor-
tionment per pupil has been fixed, same
shall be certified to by the Secretary of
the Board and filed with the Automatic Tax
Board to be used by the Tax Board in fixing
the rate of State ad valorem taxes for school
purposes that will provide sufficient funds
to maintain the public schools of Texas for
a period of not less than six (6) months.
Provided that the State Board of Education
in estimating the amount of money that it
judges to be necessary to maintain the pub-
lic schools for a period of not less than six
(6) months shall proceed as follows: . . .,
and this last sum so found shall be considered
the amount that is deemed necessary to main-
tain the public schools for a period of not
less than six (6) months; provided that the
State per capita apportionment shall never
exceed Twenty-five Dollars ($25) for any one

scholastic year." (Emphasis ours.)

A careful study of said Articles 7043 and 2665, and amendments thereto, reveals that the per capita apportionment, whether definitely fixed by the Legislature, or whether fixed by the Board of Education at an amount not exceeding the maximum as provided by the Legislature, is a yardstick or standard for fixing the State ad valorem school tax rate. Such rate must be "an amount not to exceed thirty-five cents on the one hundred ($100.00) dollars valuation, as with the available school fund arising from all other sources, will be sufficient to maintain and support the public schools of this State for a period of not less than six months in each year, . . ." (Section 3, Art. 7, State Constitution.)

The apportionment is based on an estimate by the State Board of Education of an amount of money that it judges to be necessary to maintain the public schools for a period of not less than six months. Said estimate must be arrived at by following statutory formulas, and the apportionment based thereon must not exceed that provided by statute. The maximum of $25.00 provided by both Articles 2665 and 7043, as amended, is simply the maximum estimate of the Legislature that is deemed necessary to maintain and support the public schools for a period of not less than six months each year.

To hold that said per capita apportionment is the maximum amount per pupil that can be allotted the schools of Texas during any fiscal year, would give greater weight to the Statutes than to the Constitution. Such construction would be in direct conflict with the Constitution. It provides that "the available school fund shall be applied annually to the support of the public free schools." Sec. 5, Art. 7. This clearly means, from the definitions hereinabove quoted, that said fund must be appropriated or allotted annually. The Legislature has no constitutional right to withhold any substantial part thereof during any one fiscal year. Neither has the Legislature attempted to do so. See Article 2823, R. S. 1925, hereinabove referred to and quoted in part. This Article

Hon. Geo. H. Sheppard, p. 8


which has never been repealed, clearly follows the Constitution, and cannot be ignored.

If the Legislature has attempted, by any of the provisions of Articles 2665 and 7043, as amended, to limit the amount of the available school fund to be applied annually to the support of the public free schools, then such limitation is clearly unconstitutional and void. On the other hand, it is entirely logical to construe, and we do construe, the pertinent provisions of said amended articles as intending to provide a yardstick or standard to be used in the fixing of the State ad valorem school tax rate. Such construction does not conflict with the Constitution.

It is a well established rule of construction "that if an act is fairly capable of two constructions, under one of which it would be constitutional and under the other of which it would be invalid, the former must prevail." T. J. Vol. 39, pp. 206-207.

Also, it is elementary that a statute will be construed in such manner as to make it effective, if it is fairly susceptible of such interpretation. T. J. Vol. 39, p. 205.

It is clear, therefore, that the Legislature can limit the State school ad valorem tax rate by statutory law. This it has done. It cannot, however, limit the per capita apportionment to any amount less than that which will result from the annual application and equal distribution of all of the Available School Fund.

The following departmental appropriation appears on pp. 922 and 923, Acts of 1943, 48th Legislature:

"For the purpose provided by law, there are appropriated for the biennium ending August 31, 1945, to the State Board of Education all income to, and balance in, the Available School Fund and the State Textbook Fund, except as otherwise appropriated by this Legislature, to be expended and distributed in accordance with the laws of

this State, provided that textbooks may be pur-
chased and rebound only from funds arising from
the State ad valorem school tax." (Emphasis ours.)

The Constitution is the supreme law of our State,
regarding the subject matter of this opinion. Therefore,
the State Board of Education must follow its provisions, as
well as all statutory provisions not in conflict therewith,
in expending and distributing the Available School Fund and
the State Textbook Fund, which is a part thereof. See es-
pecially Article 2823, R. S. 1925, hereinabove referred to.

For the reasons stated, the question submitted in
your communication is answered in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/   L. H. Flewellen
              Assistant

LHF:jcp:bbh

APPROVED JUL. 27, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By - G. W. B., Chairman